IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ANTONIO GOLDMAN                                                                                          PLAINTIFF

V.                                                                           CIVIL ACTION NO.4:10CV82-WAP-JAD

RUTHIE MOORE                                                                                            DEFENDANT

## REPORT AND RECOMMENDATION

On November 17, 2010, plaintiff, appeared before the court, via video conference, for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Goldman claims that Ruthie Moore was paid by gang members to allow them to attack him. He states that Moore opened his cell door so that he could be attacked; witnessed the attack without taking any steps to stop it; allowed his attackers to dispose of their weapons; and failed to respond to his request for medical assistance. This action shall proceed as to Moore.

The plaintiff also seeks to hold James Brewer and Lawrence Kelly liable for the attack on them by virtue of their roles as supervisors and because of their "signing" off on the policy that was allegedly violated by Moore in aiding Goldman's attackers. In a § 1983 action the employers and supervisors cannot be held liable for the actions of prison employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436, U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978). Nor does this plaintiff allege that any MDOC policy caused the violation of his constitutional rights.

Accordingly it is recommended that the defendants Brewer and Kelly be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 18th day of November, 2010.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE