**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANTONIO GOLDMAN**                                                               **PLAINTIFF**

**V.**                                                      **NO. 4:10CV082-P-S**

**RUTHIE MOORE**                                                       **DEFENDANT**

**ORDER**

This matter is before the court on the defendant's motion for summary judgment. The plaintiff has successfully stated a failure-to-protect claim. The events giving rise to his claim occurred on June 13, 2008, while defendant Moore was allegedly manning the control tower in building 29-H. On this day the plaintiff was attacked by several gang members. In response to the motion for summary judgment, the plaintiff explains that he was housed on Zone A of the building and was out of his cell in the day room when he was attacked by inmates from Zone B who were supposed to be secured in their cells. The plaintiff further contends that the only way for his attackers to get out of the cell was for someone in the control tower to unlock the cell doors or at least leave the open. The plaintiff claims that defendant Moore was paid by the gang members to allow them to attack him and that Moore opened their cell doors.

It is true that the plaintiff has presented no proof apart from his own complaint and sworn testimony at the *Spears* hearing. The defendant, however, has failed to show the absence of a genuine issue of material fact that would justify summary judgement. The defendant supports her motion for summary judgment with equally self-serving proof in the form of an incident report she drafted. At the very least, there is a conflict between the plaintiff's testimony that he was housed and attacked on Zone A and the defendant's statement that the events occurred while she was working on Zone B. In addition, the defendant has submitted two investigative reports conducted after the incident. The defendant points to the absence of any evidence or allegation that she was complicit in the attack. Neither of these reports, however, discussed or seemed concerned with how

the attackers were able to get out of their cells. In other words, the defendant does not refute that the allegation that she was responsible for securing the gang members in their cells.

In any event, the defendant has clearly failed to demonstrate the absence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Colston v. Barnhart,* 146 F.3d 282, 283 (5th Cir. 1998) ("Material facts" are facts that "will affect the outcome of the suit under governing law.").

The motion for summary judgment (docket entry 32) is DENIED.

THIS the 16th day of September, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE